Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000631
28-JUL-2015
09:00 AM

NO. CAAP-12-0000631

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
DANIEL PAUL LEAF, Defendant-Appellant.


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1DTA-12-01280)


SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Leonard and Ginoza, JJ.)

Defendant-Appellant Daniel P. Leaf (Leaf) appeals from the Judgment and Notice of Entry of Judgment filed on June 13, 2012 in the District Court of the First Circuit, Honolulu Division (district court).[1] The district court dismissed, without prejudice, the State's complaint against Leaf for Operating a Vehicle Under the Influence of an Intoxicant (OVUII), in violation of Hawaii Revised Statutes (HRS) § 291E-61(a)(1) and (a)(3) (Supp. 2014).[2]

---

[1] The Honorable Paula Devens presided, unless otherwise noted.

[2] HRS § 291E-61(a) provides in relevant part:

§291E-61 Operating a vehicle under the influence of an intoxicant. (a) A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:

(1) While under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty; [or]

(continued...)

On appeal, Leaf argues that the district court erred in dismissing the case without prejudice, where a different district court judge had previously ruled that the case would be dismissed *with prejudice* if the State was not ready to proceed at the next hearing on Leaf's motions to suppress evidence. In the alternative, Leaf argues that the district court erred by failing to issue adequate findings of fact to support its dismissal without prejudice.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Leaf's points of error as follows and remand with directions to dismiss the case with prejudice.

On March 5, 2012, the State filed a Complaint for OVUII against Leaf.[3] On April 9, 2012, Leaf filed motions to suppress the breath test results and any illegally obtained evidence, as well as a motion in limine seeking to exclude any and all evidence pertaining to the breath test.

---

[2] (...continued)

. . . .

> (3)   With .08 or more grams of alcohol per two
>        hundred ten liters of breath[.]

[3]   The Complaint stated that:

> On or about the 18th day of February, 2012, in the City and County of Honolulu, State of Hawaii, [Leaf] did operate or assume actual physical control of a vehicle upon a public way, street, road, or highway while under the influence of alcohol in an amount sufficient to impair his normal mental faculties or ability to care for himself and guard against casualty; and/or did operate or assume actual physical control of a vehicle upon a public way, street, road, or highway with .08 or more grams of alcohol per two hundred ten liters of breath, thereby committing the offense of Operating a Vehicle Under the Influence of an Intoxicant, in violation of Section 291E-61(a)(1) and/or (a)(3) of the [HRS]. [Leaf] is subject to sentencing as a first offender in accordance with Section 291E-61(b)(1) of the [HRS].

On May 4, 2012 and May 21, 2012, the State filed motions to amend the Complaint to include the mens rea requirement "intentionally, knowingly or recklessly" so as to comport with State v. Nesmith, 127 Hawai'i 48, 276 P.3d 617 (2012).

The motions were scheduled to be heard on May 4, 2012, but the State was not ready to proceed on the motions at that time.[4] At the State's request, Judge Lono J. Lee continued the hearing on the motions but expressly noted for the record that the case would be dismissed with prejudice if the State was not ready at the next hearing date. Judge Lee directed the court clerk to include that instruction in the court minutes.[5] The motions were reset to be heard on June 13, 2012, the trial date.

On June 13, 2012, Judge Paula Devens presided. The State was again not ready to proceed and orally requested a continuance.[6] The defense objected to a continuance and requested that the case be dismissed with prejudice. Defense counsel referenced the minutes from the May 4, 2012 hearing and argued that "Judge Lee specifically told [the State] that if they weren't ready today, this case would be dismissed with prejudice. We'd ask you to uphold what Judge Lee had told them before as a sanction for not being ready to address this motion to suppress repeatedly." Judge Devens could not find anything in the minutes to indicate that the case should be dismissed with prejudice because the relevant part of the May 4, 2012 minutes read only that a continuance had been granted and that the "case will be dismissed at next hrg if State not ready to proceed." Judge Devens stated that "to the extent there is indication that the case will be dismissed if the State is not ready to proceed, the court will bind itself to that." But, Judge Devens issued the dismissal without prejudice, to which defense counsel objected, and which is the subject of this appeal.

---

[4] The Honorable Lono J. Lee presided.

[5] The record does not indicate the basis for the first continuance and neither party challenges the propriety of the first continuance or Judge Lee's ruling that the case would be dismissed with prejudice if the State was not ready at the next hearing.

[6] The State requested the second continuance due to the illness of the police officer who was to testify.

"A judge should generally be hesitant to modify, vacate or overrule a prior interlocutory order of another judge who sits in the same court." Wong v. City & Cnty. of Honolulu, 66 Haw. 389, 395, 665 P.2d 157, 162 (1983). "Unless cogent reasons support the second court's action, any modification of a prior ruling of another court of equal and concurrent jurisdiction will be deemed an abuse of discretion." Id. at 396, 665 P.2d at 162 (emphasis omitted); see State v. Mabuti, 72 Haw. 106, 114, 807 P.2d 1264, 1269 (1991) (concluding that a change in the factual underpinning of a particular ruling may constitute a "cogent reason"); see also State v. Oughterson, 99 Hawai'i 244, 256, 54 P.3d 415, 427 (2002) (holding that because neither the factual nor legal bases of the prior judge's denial of a motion to dismiss had changed in the interim, a subsequent judge abused his discretion in granting a motion to reconsider the prior order).

Having reviewed the record, we agree with the State's concession in its answering brief that the district court should have granted Leaf's motion for dismissal with prejudice, consistent with the holdings in Mabuti and Oughterson. Indeed, if the minutes available to Judge Devens had reflected Judge Lee's prior ruling about dismissing with prejudice, it appears she likely would have dismissed with prejudice.

The transcript from the May 4, 2012 prior hearing, contained in the record on appeal, reflects Judge Lee's ruling that the dismissal would be with prejudice if the State was not ready at the next hearing. The State does not assert any cogent reason to modify Judge Lee's ruling. Based on the record in this case and the State's concession, we conclude that the district court should have granted Leaf's motion for dismissal with prejudice. Accordingly, we need not address Leaf's additional arguments.

4

Therefore, IT IS HEREBY ORDERED that the Judgment and Notice of Entry of Judgment filed on June 13, 2012 in the District Court of the First Circuit, Honolulu Division is vacated and the case is remanded to the district court with instructions to dismiss the case with prejudice.

DATED:  Honolulu, Hawai'i, July 28, 2015.

On the briefs:

Richard Holcomb
(Holcomb Law, LLLC)
for Defendant-Appellant

Stephen K. Tsushima
Deputy Prosecuting Attorney
City & County of Honolulu
for Plaintiff-Appellee

Presiding Judge

Associate Judge

Associate Judge